UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BETSON,

       Plaintiff,                                  Case No. 17-cv-10485
                                                    Hon. Matthew F. Leitman

v.

HOME DEPOT, U.S.A., INC.,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #15)

During a visit to a store owned and operated by Defendant Home Depot U.S.A., Inc., Plaintiff Richard Betson slipped, fell, and broke his leg. Betson alleges that he fell after slipping on wet mulch on the ground of the Home Depot parking lot. In this action, he asserts a premises liability claim against Home Depot. Home Depot has now moved for summary judgment. (*See* Motion, ECF #15.) For the reasons explained below, the Court **GRANTS** Home Depot's motion.

**I**

**A**

On the afternoon of April 30, 2015, Betson visited a Home Depot store in Livonia, Michigan, with his service dog Lulu. (*See* Betson Dep. at 10, 20-21, ECF #15-3 at Pg. ID 192, 194.) He had been to this particular Home Depot "[m]any

1

times" before. (*Id.* at 22, ECF #15-3 at Pg. ID 195.) On this visit, he pulled into a handicapped parking spot in the store's parking lot. (*See id.*) The parking spot was next to a landscaped island – which Betson also referred to as a "planter" – like those commonly found in shopping center parking lots. (*Id.* at 23, ECF #15-3 at Pg. ID 195.) The middle of the island contained landscaping and mulch, and the island was surrounded by a concrete or cement "apron." (*Id.* at 55, ECF #15-3 at Pg. ID 203.) It had rained earlier in the day, but it was not raining when Betson arrived in the parking lot.[1] (*See id.* at 31, ECF #15-3 at Pg. ID 197.)

Betson took care to protect himself from potential hazards in the parking lot. He wore sneakers with tread so as not to slip. (*See id.* at 37, 54, ECF #15-3 at Pg. ID 198, 203.) And he checked to make sure that the ground was free of hazards before exiting his car. (*See id.* at 30, ECF #15-3 at Pg. ID 197.) After completing that safety check, he stepped out of the car, retrieved his cane from inside the car, and shut the door. (*See id.*) He then walked towards the driver's side back door to let Lulu out of the car. (*See id.*) He again inspected the ground and "didn't notice anything." (*Id.* at 85, ECF #15-3 at Pg. ID 210.) He then shut the back door. The next thing he knew, "he fell backwards." (*Id.* at 30, ECF #15-3 at Pg. ID 197.) When he fell, his right leg hit the curb of the landscaped island next to his car. (*See id.* at

---

[1] According to weather records provided by Betson, it rained in Livonia during the early morning hours and between 10:53 a.m.-1:53 p.m. on April 30, 2015. (*See* ECF #16-6 at Pg. ID 304.)

2

31, ECF #15-3 at Pg. ID 197.)  He ended up lying on the ground with his "rear end [] into that planter thing." (*Id.* at 30, ECF #15-3 at Pg. ID 197.)

After falling, Betson "realized" that there was "mulch on the ground there and everywhere." (*Id.*; *see also id.* at 52-53, ECF #15-3 at Pg. ID 202 (explaining that from his position on the ground, he could see there was "a lot" of mulch on the ground, and that it was "all over, not just in one spot.").)  He determined he "slipped on [the] mulch." (*Id.* at 30, ECF #15-3 at Pg. ID 197.)

Betson says that he was able to see the mulch after he fell – but not before – because the fall placed him at a "[d]ifferent vantage point." (*Id.* at 64, ECF #15-3 at Pg. ID at 205.)  From that new vantage point on the ground, he saw that the mulch was "the same color as the asphalt because the ground was all wet." (*Id.* at 30, ECF #15-3 at Pg. ID 197.)  Betson says that because the appearance of the wet mulch matched that of the wet ground, he could not see the mulch while standing upright before his fall. (*See id.*)

**B**

Later in the day that Betson fell or sometime during the following day, Betson's wife returned to the Home Depot parking lot to take some photographs. (*See* Betson Dep. at 42-43, ECF #15-3 at Pg. ID 200.)  She was attempting "to show"

3

the "condition of the peat moss" that caused Betson's slip and fall.[2] (*Id*. at 44, Pg. ID 266.) She achieved her goal. She took photographs of mulch on asphalt and on a cement apron in a different area of the parking lot "where it was [also] wet."[3] (*See id.* at 53, Pg. ID 269. These photographs are part of the record before the Court. (*See* Photos, ECF #16-4 at Pg. ID 288-89.)

While the photos do not depict the exact scene of the Betson's fall, Betson says that the photos do accurately depict the wet mulch on the wet pavement that he encountered. In Betson's words, the photos "give[] you an idea of what the ground was like in the parking lot with the peat moss." (*Id.* at 43, ECF #15-3 at Pg. ID 200.) Indeed, Betson tells the Court that the photos provide "a good indication of what wet cement and wet mulch looked like in the area of the fall."[4] (*See* Pl.'s Resp. to Def's Mot. for Summ. J., ECF #16 at Pg. ID 237.)

---

[2] During Betson's deposition, he used the terms "mulch" and "peat moss" interchangeably to refer to the hazard that caused him to fall.

[3] Betson's wife took a second set of photos "about a month" later. (Betson Dep. at 46, 51, ECF #15-3 at Pg. ID 201-2.) The second set of photos depicts the exact parking spot where Betson fell. (*See* Betson Dep. at 46, ECF #15-3 at Pg. ID 201.) But when Betson's wife took this second set of photographs, the ground was dry and free of mulch. (*See* Photos, ECF #15-4 at Pg. ID 214-20). Therefore, the second set of photos does not depict the hazard that Betson encountered on the day of his fall.

[4] The record is unclear as to whether the mulch that caused Betson to fall was located on the apron of the island or on the parking lot pavement immediately adjacent to the apron. (*See* Betson Dep. at 55-56, ECF #15-3 at Pg. ID 203.) The photos taken by his wife depict wet mulch on both wet pavement and on a wet cement apron. (*See* Photos, ECF #16-4 at Pg. ID 288-89.)

4

# C

Betson filed this action in Wayne County Circuit Court on January 9, 2017. (*See* Compl., attached to Notice of Removal, ECF #1 at Pg. ID 10.) In Betson's Complaint, he alleges that Home Depot breached its "common law and statutory duty to use reasonable care and caution for the safety of [him] and other members of the public on its premises." (*Id.* at ¶ 21, ECF #1 at Pg. ID 13.) Betson claims, among other things, that Home Depot breached these duties by "[f]ailing to adequately warn customers of the mulch that was smeared on the ground," and "[f]ailing to inspect the parking lot to discover the wet mulch which created a dangerous condition for customers." (*Id.* at ¶ 22, ECF #1 at Pg. ID 13.) Betson further alleges that "[a]s a result of Home Depot's negligence, [he] slipped on wet mulch in the parking space that was undetectable to an average person with ordinary intelligence upon casual inspection." (*Id.* at ¶ 47, ECF #1 at Pg. ID 14.)

Home Depot removed this action to this Court on February 15, 2017. (*See* Notice of Removal, ECF #1.) In the Notice of Removal, Home Depot explained that the Court would have had original jurisdiction over this action under 28 U.S.C. §1332 because (1) there is complete diversity of citizenship between the parties and (2) the amount in controversy exceeds $75,000.00. (*See id.*)

Home Depot moved for summary judgment on May 30, 2018. (*See* ECF #15.) The Court held a hearing on the motion on September 25, 2018.

**II**

Home Depot seeks summary judgment under Rule 56 of the Federal Rules of Civil Procedure. A movant is entitled to summary judgment under that rule when it "shows that there is no genuine dispute as to any material fact . . . ." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson*, 477 U.S. at 252. Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-252. Indeed, "[c]redibility determinations, the weighing of the evidence, and the drafting of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Id.* at 255.

**III**

Under Michigan law, "[i]n a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Buhalis v. Trinity*

*Continuing Care Servs.*, 822 N.W.2d 254, 258 (Mich. Ct. App. 2012) (quoting *Benton v. Dart Props. Inc.*, 715 N.W.2d 335 (Mich. Ct. App. 2006)).[5] Home Depot argues that it is entitled to summary judgment on Betson's premises liability claim because Betson cannot satisfy the first element of the claim – that Home Depot owed him a duty to protect him from the wet mulch in the parking lot. The Court agrees.

In *Hoffner v. Lanctoe*, 821 N.W.2d 88, 94 (Mich. 2012), the Michigan Supreme Court reviewed "the rules governing… what duty a premises possessor owes to those who come onto his land." The court explained that "[w]ith regard to invitees [like Betson here], a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Id*. But a landowner "'owes *no* duty to protect or warn' of dangers that are open and obvious…." *Id*. (emphasis added) (quoting *Riddle v. McLouth Steel*, 485 N.W.2d 676 (Mich. 1992)).

The Court applies an objective test to determine whether a danger is open and obvious. *Id*. The Court must determine "whether it is reasonable to expect that an average person with ordinary intelligence would have discovered [the danger] upon casual inspection." *Id*. at 94-95. (citation omitted). If so, then the danger is deemed open and obvious. *See id*.

---

[5] Michigan substantive law governs in this action because this Court's subject matter jurisdiction is based on diversity of citizenship. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

7

Here, the wet mulch that Betson encountered was open and obvious. The photos taken by Betson's wife prove that point. In the photos, the wet mulch is easily visible on the wet ground. (*See* Photos, ECF #16-4 at Pg. ID 288-89.) Indeed, the sticks and chunks of bark that comprise the mulch are readily visible upon even a cursory review of the photos. (*See id.*) Simply put, the photos conclusively demonstrate that a person with ordinary intelligence *would* have discovered the wet mulch on which Betson apparently slipped and fell. The mulch was thus an open and obvious hazard from which Home Depot had no duty to protect Betson. *See Hoffner*, 821 N.W.2d at 94. Home Depot is therefore entitled to summary judgment on Betson's premises liability claim.

Betson's testimony that he did not detect the mulch during his inspection of the ground does not preclude the entry of summary judgment against him. As noted above, the Court applies an objective standard to determine whether a hazard is open and obvious, and thus the objective visibility of the mulch as depicted in the photos controls over Betson's subjective inability to see the mulch. Furthermore, because the photos "blatantly contradict" Betson's claim that the wet mulch was not visible, this Court may "not adopt" Betson's testimony "for purposes of ruling on [Home Depot's] motion for summary judgment." *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should

not adopt that version of facts for purposes of ruling on a motion for summary judgment.")[6] Notably, Betson has twice confirmed that the photos *accurately* depict the wet mulch on the wet pavement (*see* Betson Dep. at 43, ECF #15-3 at Pg. ID 200; Pl.'s Resp. to Def's Mot. for Summ. J., ECF #16 at Pg. ID 237), and it is therefore appropriate for the Court to treat the photos as dispositive on the question of whether the wet mulch was open and obvious.

IV

For all of the reasons stated above, **IT IS HEREBY ORDERED** that Home Depot's motion for summary judgment (ECF #15) is **GRANTED** in its entirety.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: October 18, 2018

---

[6] *See also Coble v. City of White House, Tenn.*, 634 F.3d 865, 868-69 (6th Cir. 2011) (explaining that while *Scott* involved a video tape that contradicted the plaintiff's testimony, the decision is not "restricted to cases involving videotapes"); *Womack v. Wal-Mart Stores, Inc.*, 677 F. App'x 296, 297 (6th Cir. 2017) (applying *Scott* in a premises liability case and rejecting portion of plaintiff's testimony that was contradicted by photographic evidence); *Glassberg v. Staples the Office Superstore East, Inc.*, 2010 WL 3924682 (E.D.N.Y. 2010) (report and recommendation) (applying *Scott* and concluding, based upon review of video tape, that danger encountered by plaintiff was open and obvious despite witness accounts to the contrary), *report and recommendation adopted,* 2010 WL 3909206 (E.D.N.Y. 2010).

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 18, 2018, by electronic means and/or ordinary mail.

            s/Holly A. Monda
            Case Manager
            (810) 341-9764