UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BETSON,

        Plaintiff,                                      Case No. 17-cv-10485

v.                                                         Hon. Matthew F. Leitman

HOME DEPOT, U.S.A., INC.,

        Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF #23)

This is a premises liability action under Michigan law. Plaintiff Richard Betson alleges that he suffered serious injuries when he slipped and fell on wet mulch in the parking lot of a store operated by Defendant Home Depot, U.S.A., Inc. Betson testified that he was not able to see the wet mulch because it was the same color as the wet pavement underneath it.

In an Opinion and Order dated October 18, 2018, the Court granted summary judgment in favor of Home Depot on Betson's premises liability claim. (*See* ECF #21.) The Court reviewed photos (taken by Betson's wife) of the hazard Betson encountered – wet mulch on wet pavement in the Home Depot parking lot – and determined that the hazard was open and obvious under Michigan law. The Court concluded that because the wet mulch was open and obvious, Home Depot had no duty to protect Betson from it.

1

Betson has now moved for reconsideration of the Court's ruling under Local Rule 7.1(h). (*See* ECF #23.) For the reasons explained below, the motion is **DENIED**.

## I

Motions for reconsideration in this Court are governed by Local Rule 7.1(h). Under that rule, "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. Local Rule 7.1(h)(1). In addition:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. Local Rule 7.1(h)(3).

## II

Betson is not entitled to reconsideration of the Court's ruling because he has not demonstrated that it is tainted by any error, much less a palpable defect.

Betson argues that the Court erred when it based its open and obvious finding upon the photographs taken by his wife. Betson highlights that those photos are (1)

not of the same spot in the parking lot in which he fell and (2) "not of the date … when [he fell]."[1] (ECF #23 at Pg. ID 360-61.) Thus, Betson concludes, the photos cannot possibly reflect whether the particular hazard that he encountered was open and obvious. Likewise, Betson says that the photos cannot possibly contradict his testimony that the hazard he encountered in a different spot on a different day was *not* open and obvious.

But Betson's motion ignores the basis on which the Court determined that it could properly rely on the photographs as an accurate representation of the hazard that he encountered. As the Court explained, Betson attached the photos to his summary judgment response, and he told the Court that the photos *did* accurately depict the hazard that he encountered even though the photos were taken of a different spot and at a different time. (Op. and Order, ECF #21 at Pg. ID 344, 349.) More specifically, Betson explained that the photos provide "a good indication of what wet cement and wet mulch looked like in the area of the fall." (Pl.'s Resp. to Def's Mot. for Summ. J., ECF #16 at Pg. ID 237.) And he testified that the photos "give[] you an idea of what the ground was like in the parking lot with the peat moss." (Betson Dep. at 43, ECF #15-3 at Pg. ID 200.) The Court relied upon these assertions by Betson. Betson does not explain how the Court erred when it

---

[1] Betson testified that his wife took the photos "right after this accident, about probably that same day or the next day." (Betson Dep. at 43, ECF #16-2 at Pg. ID 266.)

concluded, *as he indicated*, that the photos accurately depict the hazard he encountered even though they were taken of a different spot on a different day.

Betson also argues that the Court erred when it relied, in part, on the decisions in *Scott v. Harris*, 550 U.S. 372 (2007) and *Womack v. Wal-Mart Stores, Inc.*, 677 F. App'x 296 (6th Cir. 2017). In *Scott*, the Supreme Court held that a defendant was entitled to summary judgment because a video recording of the incident in question blatantly contradicted the plaintiff's testimony. *See* 550 U.S. at 380. In *Womack*, the Sixth Circuit rejected a portion of a plaintiff's testimony that was plainly contradicted by a photograph. *See* 677 F. App'x at 297. Betson argues that the Court erred when it relied upon those decisions because the video and photo in those cases were "real time contradictory evidence." (Mot. For Reconsid., ECF #23 at Pg. ID 360.) Stated another way, Betson insists that *Scott* and *Womack* are distinguishable because they involved video and/or photographic evidence of the actual event and/or actual scene in question, whereas the photographs on which the Court relied in this case reflect a different scene at a different time.

But this argument also fails to account for the fact that, as set forth above, Betson twice confirmed that the photographs taken by his wife *do* accurately depict the hazard that he encountered even though they were taken in a different location at a different time. (S*ee* Betson Dep. at 43, ECF #15-3 at Pg. ID 200; Pl.'s Resp. to Def's Mot. for Summ. J., ECF #16 at Pg. ID 237.) Because Betson verified that the

4

photos taken by his wife correctly reflect the hazard he faced, the Court did not err when it treated those photos as the equivalent of the video and photographic evidence in *Scott* and *Womack*.

Betson further contends that the Court should not have relied upon the photographs of the wet mulch because those photos do not account for certain unique circumstances facing Betson at the time of his fall, including that he "had to open the door to let [his dog] out of the car." (Mot. for Reconsid., ECF #23 at Pg. ID 361.) However, this line of argument ignores that under Michigan law, the test for whether a hazard is open and obvious is an objective one, *see Lugo v. Ameritech*, 629 N.W.2d 384, 390 (Mich. 2001), and that "[t]he proper question is not whether *this plaintiff* could or should have discovered the [hazard], but whether the [hazard] was observable to the average, casual observer." *Price v. Kroger Co. of Mich.*, 773 N.W.2d 739, 742 (Mich. Ct. App. 2009) (emphasis in original). Thus, whether Betson's personal circumstances interfered with his ability to see the wet mulch is not relevant, and the Court properly relied upon the photos – which accurately depict the hazard – even though they do not reflect those circumstances.

Finally, Betson errs when he argues that the record did not contain "any evidence whatsoever of what the condition of the particular area where [he] fell, looked like." (Mot. for Reconsid., ECF # 23 at Pg. ID 360.) Once again, Betson,

5

himself, twice confirmed that the photos taken by his wife *do* evidence the condition that he encountered in the area of his fall.

Because Betson has failed to show that the Court erred by relying on photos that *he offered as an accurate representation of the hazard he encountered* (*see* Pl.'s Resp. to Mot. for Summ. J., ECF #16 at Pg. ID 237), he is not entitled to reconsideration of the Court's ruling.

### III

The Court is sympathetic to Betson's plight. He suffered a serious injury that appears to continue to cause him pain and distress. But on this record, he is barred as a matter of law from pursuing a premises liability claim against Home Depot. Accordingly, for the reasons explained above, Betson's motion for reconsideration (ECF #23) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 9, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 9, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764